IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LOWELL QUINCY GREEN, (TDCJ-CID #00518622) Plaintiff, | § § § § | |
| vs. | § § | CIVIL ACTION H-18-2460 |
| JONI M. WHITE, *et al.*, Defendants. | § § § § | |

**MEMORANDUM ON DISMISSAL**

Lowell Quincy Green, a Texas Department of Criminal Justice inmate, sued in July 2018, alleging civil rights violations resulting from a denial of due process. Green has neither paid the $350.00 filing fee nor sought leave to proceed as a pauper. From his litigation history, the Court presumes that he seeks leave to proceed in forma pauperis. Green, proceeding pro se, sues Joni M. White, Assistant Director of TDCJ Classification and Records; and (fnu) Armstrong, employee in the TDCJ Classification and Records Department.

The threshold issue is whether Green's claims should be dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g). The Court concludes that Green's claims are barred and should be dismissed for the reasons stated below.

**I.  Analysis**

A prisoner is not allowed to bring a civil action in forma pauperis in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, unless he is in imminent danger of

serious physical injury. 28 U.S.C. § 1915(g).

Green's litigation history reveals that he has previously submitted abusive and scurrilous filings in federal court. Prior to filing this action, he had at least five suits dismissed as frivolous. *Green v. State of Tex., et al.*, Civil Action Number 6:17-092 (W.D. Tex.) (dismissed as frivolous on May 18, 2017); *Green v. State of Tex. Gov't, et al.*, Civil Action Number 6:16-424 (W.D. Tex.) (dismissed as frivolous on February 13, 2017); *Green v. Davis, et al.*, Civil Action Number 6:16-419-RP (W.D. Tex.) (dismissed as frivolous on February 13, 2017); *Green v. Heaton, et al.*, Civil Action Number 7:16-00014-O (N.D. Tex.) (dismissed as frivolous on February 24, 2016); and *Green v. William Stephens, et al.*, Civil Action Number 4:15-3257 (S.D. Tex.) (dismissed as frivolous on November 5, 2015).

In the present case, Green has not alleged, nor does his complaint demonstrate, that he is in imminent danger of serious physical injury. Green's complaint challenges the validity of his 2012 conviction for aggravated robbery in the 54th Judicial District Court of McLennan County, Texas. (Cause Number 2012-790-C2). (Docket Entry No. 1, p. 4). He further complains that the trial judge made an affirmative finding of a deadly weapon. Accordingly, Green is barred under 28 U.S.C. § 1915(g) from proceeding in forma pauperis in this action.

## II. Conclusion

Green's constructive Motion to Proceed as a Pauper, (Docket Entry No. 1), is DENIED. The complaint filed by Lowell Quincy Green, (TDCJ-CID #00518622), is DISMISSED under 28 U.S.C. § 1915(g).[1] All pending motions are DENIED. Green is warned that continued frivolous filings may

---

[1] In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1998), the Fifth Circuit barred an inmate from proceeding further under the statute, except for cases involving an imminent danger of serious physical

result in the imposition of sanctions.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on JUL 1 9 2018            .

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE

---

injury, and dismissed all of Adepegba's i.f.p. appeals pending in that court. The Fifth Circuit noted that the inmate could resume any claims dismissed under section 1915(g), if he decided to pursue them, under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else.